096-366137-25

FILED
TARRANT COUNTY
6/27/2025 3:02 PM
THOMAS A. WILDER
DISTRICT CLERK

|  |  |  |
|---|---|---|
| **CAUSE NO.** | | |
| **ROBERT SILGUERO AND BLANCA SILGUERO**<br>**PLAINTIFFS,** | § § § § § § § § | **IN THE DISTRICT COURT** |
| **V.** | | **___ JUDICIAL DISTRICT** |
| **PROSPERITY HOME MORTGAGE**<br>**DEFENDANT.** | | **TARRANT COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**

**NOW COMES** Robert Silguero and Blanca Silguero (collectively, "Plaintiffs"), complaining of and about Prosperity Home Mortgage ("Defendant"), and for their cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that Discovery be conducted under Discovery Level 2 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

**2.** Plaintiffs seek monetary relief under $1,000,000.00 pursuant to Rule 47(c)(3) of the Texas Rules of Civil Procedure.

### PARTIES

3. Plaintiff Robert Silguero is an individual residing in Tarrant County, Texas.

4. Plaintiff Blanca Silguero is an individual residing in Tarrant County, Texas.

5. Defendant Prosperity Home Mortgage is a Virginia limited liability company with the right to transact business in the State of Texas. Defendant's principal place of business in Texas is located at 1900 Ballpark Way, Suite 100, Arlington, Texas 76006. Said Defendant may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. **PLAINTIFFS REQUEST THE CLERK ISSUE A CITATION ADDRESSED TO SAID DEFENDANT AND SEND IT TO JMETCALF@CARPLAWFIRM.COM AND HEREBY TENDER THE APPROPRIATE FEE CONTEMPORANEOUS WITH THE FILING OF THIS PETITION**.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to Tex. Gov. Code § 27.031(a)(1) because the relief requested is within the jurisdictional limits of the Court.

7. Venue in this case is proper in Tarrant County, Texas under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Defendants' principal places of business are located in Tarrant County, Texas.

## FACTUAL ALLEGATIONS

8. In September of 2024, Plaintiffs approached Defendant to apply for a mortgage loan in the amount of $485,000.00.

9. On or about September 28, 2024, Defendant sent Plaintiffs a congratulations video advising them that they had been pre-approved for a thirty-year fixed-rate conventional loan.

10. Plaintiffs thereafter paid the earnest money and option fees due under their purchase agreement. Unfortunately, an inspection of the property uncovered several issues that forced our clients to withdraw their purchase offer.

11. On or about January 2, 2025, Plaintiffs again approached Defendant seeking a mortgage loan to purchase certain real property located at 1808 Foxwood Court, Arlington, Texas 76012 (the "Property").

12. Plaintiffs requested a loan in the amount of $429,000.00. This was $56,000.00 less than the loan Defendant pre-approved in September of 2024.

13. On or about January 9, 2025, Plaintiffs received an email from Defendant's representative, Jennifer Castro ("Castro") advising Plaintiffs that their credit had been approved.

14. Castro also requested additional information from Plaintiffs including: (1) a closing disclosure for the sale of Plaintiffs' property at 601 Castlewood Lane evidencing net proceeds of at least $330,000.00; (2) a mortgage statement for the American Airlines Federal Credit Unition, "AAFCU", line of credit; and (3) information regarding homeowner's insurance for the Property.

15. Plaintiffs grew frustrated with these requests as they had disclosed to their previous loan officer that they were not selling the 601 Castlewood Lane property, and there was no mortgage statement for the AAFCU line of credit nor had the credit line been utilized since June of 2020.

16. On or about January 14, 2025, Plaintiffs received a letter of declination denying their mortgage loan.

17. Plaintiffs' loan was denied despite their excellent credit history and lack of debt.

18. The stated reasons for the declination were excessive obligations and insufficient income for their total obligations.

19. After Plaintiffs were declined, Plaintiffs were able to get pre-approved by Chase Bank for a loan for the amount of $430,000.00 at a 6.85% interest rate with the exact same credit history and credentials.

20. Due to Defendant's wrongful and discriminatory declination of Plaintiffs' application, Plaintiffs lost money through administrative fees and processing fees in the amount of $5,500.00.

21. Plaintiffs have asked Defendant's various agents the reasons for the declination despite their credit history and lack of debt, and Defendant has provided zero answers.

22. Based on Plaintiffs' prior pre-approval, excellent credit history, and lack of debt, and later pre-approval with the exact same credentials, it is

clear that Defendant's excuse for denying the loan was entirely pretextual and based on the age and ethnicity of Plaintiffs.

## CAUSES OF ACTION

**A.   Violation of the Equal Credit Opportunity Act ("ECOA")**

23.   Plaintiffs incorporate paragraphs 8-22 *in haec verba*.

24.   The ECOA provides in relevant part that: "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction… on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract).  15 U.S.C. § 1691(a)(1).

25.   To state a claim for relief under the ECOA, the plaintiffs must plausibly show that they were discriminated against in violation of the statute. More specifically, the complaint must sufficiently allege that: the plaintiffs were "applicants"; (2) the defendant was a "creditor"; and (3) the defendant discriminated against the plaintiffs with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705 (5th Cir. 2017).

26.   Plaintiffs are of Hispanic heritage.

27.   Plaintiffs are elderly.

28.   Plaintiffs applied for a loan from Defendant.

29. Plaintiffs were previously approved for a larger loan amount, and then declined for a lower amount despite nothing changing in their credit history.

30. Defendant is in the business of extending mortgage loans qualifying it as a creditor under the statute.

31. Plaintiffs were approved for a loan for the same amount later in time with the exact same credentials.

32. Plaintiffs attempted to get an answer from Defendant for the reasons Plaintiffs were denied the loan to no avail.

33. Plaintiffs' high credit scores and lack of debt provide strong prima facie evidence that discriminatory considerations were behind Defendant's decision to decline their mortgage loan.

34. Due to Defendant's intentional and blatant age and race discrimination, Plaintiffs are entitled to punitive damages of $500,000.00.

## CONDITIONS PRECEDENT

35. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

36. Plaintiffs object to the referral of this case to an associate judge for hearing, a trial on the merits, or presiding at a jury trial.

## NOTICE OF COURT REPORTER

37. Plaintiffs demand a court reporter for all sessions of the court, any conference, hearing or trial, to take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings; and to preserve the notes for future reference for three years from the date on which they were taken; and to furnish a transcript of the reported evidence or other proceedings, in whole or in part, as requested by any party and as provided by Tx. Govt. C. § 52. See General Powers and Duties, TX GOVT § 52.046.

## **OBJECTION TO ELECTRONIC HEARINGS**

38. Pursuant to the Texas Rule of Civil Procedure 21d, which was adopted on 27 January 2023, and became effective on 1 February 2023, Plaintiffs object to all electronic hearings. Zoom or electronic trials or hearings are difficult to manage when evidence is introduced, and witnesses are appearing, or attorneys are making arguments or objections or comments and often it is difficult to hear the court or other persons in the hearing or trial.

39. Assessing the credibility of witnesses or the conduct of appearing persons, is very challenging in Zoom trials or hearings. The parties and the judge of the facts do not always know if there are people in the room with the witness or other parties, whether someone is coaching the

witness, or if the witness is receiving information via another computer, cellular telephone, or some other handheld device.

40. Often parties and witnesses are difficult to see and hear depending on the location where they are testifying, and the quality of the devices utilized and the internet feed. Zoom hearings are often plagued with internet outages causing attorneys, witnesses, and even judges to be dropped from a trial or hearing. Frequently the speaker appears to be speaking in slow motion or out of synchronization of the sound to the picture. Witnesses are often difficult to either hear or understand as a consequence of testifying in Zoom settings.

41. The Zoom electronic video trial or hearing has proven to be very challenging when it comes to assessing the veracity and honesty of a testifying witness. Most notably, if there is a loss of direct contact between the court, the parties, the jury and the witness and the various forms of evidence.

## ATTORNEY FEES

42. Plaintiffs were forced to retain Carpenter & Associates to pursue their claims against Defendant and are entitled to recover reasonable and necessary attorney fees under section 1691e(d) of the ECOA.

## PRAYER

**WHEREFORE**, Plaintiffs respectfully pray that Defendant be cited to appear and answer herein, and that upon a final trial of the cause, the Court enter judgment in favor of Plaintiffs and against Defendant:

(A)   Awarding actual damages in the amount of $5,500;

(B)   Punitive damages of $500,000.00 for violation of the statutes mentioned;

(C)   Awarding Plaintiffs court costs and attorney's fees in an amount determined by the court to be reasonable; and

(C)   Granting such further relief, at law and in equity, as may be deemed just and proper.

Respectfully Submitted,

**Carpenter & Associates**
/s/ James A. Metcalf
James A. Metcalf
Texas Bar No. 24140131
jmetcalf@carplawfirm.com
Joshua Carpenter
Texas Bar No. 24090907
josh@carplawfirm.com
7920 Belt Line Rd., STE 1100
Dallas, Texas 75254
Tel: 972-455-8700
Fax: 972-767-5599
ATTORNEYS FOR PLAINTIFFS

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joaquin Ruiz on behalf of James Metcalf
Bar No. 24140131
joaquin@carplawfirm.com
Envelope ID: 102538044
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 6/27/2025 3:50 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| James Metcalf | | jmetcalf@carplawfirm.com | 6/27/2025 3:02:22 PM | NOT SENT |
| JOSHUA CARPENTER | | josh@carplawfirm.com | 6/27/2025 3:02:22 PM | NOT SENT |
| Carpenter &Associates | | filing@carplawfirm.com | 6/27/2025 3:02:22 PM | NOT SENT |
| Joaquin Ruiz | | joaquin@carplawfirm.com | 6/27/2025 3:02:22 PM | NOT SENT |