UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT SILGUERO AND BLANCA SILGUERO,<br>  CLAIMANTS,<br><br>v.<br><br>PROSPERITY HOME MORTGAGE, LLC<br>  RESPONDENT. | § § § § § § § § | CIVIL ACTION NO. 4:25-CV-848-Y |

### PROSPERITY'S BRIEF IN SUPPORT OF MOTION TO DISMISS AND STRIKE PUNITIVE DAMAGES

#### USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

Some of the language in paragraphs 1-12 of this Brief in Support of Prosperity's Motion to Dismiss and Strike Punitive Damages (the "Brief") were drafted using Generative Artificial Intelligence.[1] "Generative Artificial Intelligence" means a computer tool (whether referred to as "Generative Artificial Intelligence" or by another name) that is capable of generating new content (such as images and text) in response to a submitted prompt (such as a query) by learning from a large reference database of examples.

#### INTRODUCTION

  1.  Plaintiffs plead a single Equal Credit Opportunity Act ("ECOA") claim—alleging age and race discrimination.[2] Their allegations show Prosperity issued a written denial stating neutral, nondiscriminatory reasons—"excessive obligations" and "insufficient income."[3] They add that

---

[1] N.D. Tex. L.R. 7.2 (2024).

[2] Doc. 3, Exhibit A-1, Plaintiff's Original Petition, ¶ 23-34 (the "Complaint").

[3] *Id.* at ¶18.

another lender later pre-approved them and that they have "excellent credit" and "lack of debt."[4] That is not a plausible ECOA claim.[5]

## CLAIMANTS' FACTS AS ALLEGED

2. On January 9, 2025, Prosperity's loan officer said the credit was "approved," subject to three conditions.[6] Specifically, Prosperity requested (1) a closing disclosure evidencing $330,000 net proceeds from the Plaintiffs' sale of their 601 Castlewood property; (2) an AAFCU line-of-credit statement; and (3) homeowners-insurance information.[7]

3. On January 14, 2025, Prosperity issued a letter denying the application, citing excessive obligations and insufficient income.[8]

4. Plaintiffs allege that a Chase entity later pre-approved them for $430,000 at 6.85% on the "same credentials."[9]

5. Plaintiffs assert Prosperity's reasons were a "pretext" based on age and Hispanic ethnicity and seek $5,500 in actual damages and $500,000 in punitive damages.[10]

## LEGAL STANDARDS

6. After removal, the Federal Rules govern.[11] Under Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, every defense to a claim for relief in any pleading must be asserted

---

[4] *Id.* at ¶22.

[5] Equal Credit Opportunity Act, 15 U.S.C. §1691a(b); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (Considering racial discrimination allegations under the Federal Housing Act and affirming the district court's order dismissing plaintiff's claims.).

[6] Exhibit A-1, ¶¶ 13-14.

[7] *Id.*

[8] Exhibit A-1, ¶¶ 16, 18.

[9] *Id.* at ¶¶ 19, 31.

[10] Exhibit A-1, ¶¶ 20-22.

[11] FED. R. CIV. P. 81.

in the responsive pleading if one is required.[12] But a party may assert the following defenses by motion [including]…failure to state a claim upon which relief can be granted.[13] Rule 12(f) provides "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter…on its own…or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.[14] Rule 8(a)'s general rules of pleading and the *Twombly/Iqbal* plausibility control this Motion.[15]

7.   A plaintiff must state a *plausible* claim to survive a motion to dismiss under the "Twiqbal" standard.[16]  In other words, the factual allegations must allow a court to draw a *reasonable* inference that a defendant is liable for the conduct alleged.[17] To state a claim under ECOA, a plaintiff "must plausibly allege that (1) each plaintiff was an 'applicant;' (2) the defendant was a 'creditor;' and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class."[18]

8.   A complaint must plead factual content that makes liability plausible, not merely possible, and courts disregard legal conclusions.[19]

---

[12] FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 12(f).

[13] FED. R. CIV. P. 12(b)(6).

[14] FED. R. CIV. P. 12(f).

[15]  FED. R. CIV. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *See* Gardner, Maggie, "Retiring Forum Non Conveniens," 92 N.Y.U. L. Rev. 390 (2017) citing David Freeman Engstrom, The Twiqbal Puzzle and Empirical Study of Civil Procedure, 65 STAN. L. REV. 1203, 1208-09, 1209 n.24, 1214-17 (2013) (For accepted use of the term "Twiqbal" in multiple law review articles). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[18] *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705 (5th Cir. 2017); *Jackson v. Hancock Whitney Bank*, No. CV 23-7246, 2024 WL 1655148, at *3 (E.D. La. Apr. 17, 2024).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## ARGUMENT

**The ECOA claim fails: Plaintiffs plead no facts that make discrimination plausible.**

9.  Plaintiffs were "applicants," Prosperity was a "creditor," and ECOA prohibits discrimination concerning any "aspect of a credit transaction."[20]

10. The Complaint does not allege facts showing a discriminatory motive. For example, the Complaint alleges Prosperity's stated reasons—excessive obligations and insufficient income—and a later pre-approval by another lender.[21] Those allegations do not plausibly support discriminatory animus based on age or Hispanic ethnicity.[22] Plaintiffs do not plead biased statements, departures from ordinary underwriting, shifting explanations, or similarly situated non-Hispanic/younger approvals. Their "excellent credit/later Chase pre-approval" allegations are consistent with nondiscriminatory underwriting differences or timing, not invidious motive.[23] The bare assertion that Prosperity's reasons suggest a "pretext" is a legal conclusion the Court should disregard.[24]

**Punitive damages must be dismissed or, at a minimum, limited to ECOA's $10,000 cap.**

11. ECOA caps punitive damages in individual actions at $10,000.[25] Yet, Plaintiffs demand $500,000.[26] The Court should dismiss or strike the punitive-damages demand to the extent it exceeds $10,000.[27] Moreover, Plaintiffs also plead no facts warranting any punitive award (e.g., intentionality,

---

[20] 15 U.S.C. §§ 1691(a), 1691a(b), 1691a(e). *See also Alexander v. AmeriPro Funding,* Inc., 848 F.3d 698, 705 (5th Cir. 2017).

[21] Exhibit A-1 ¶¶ 16, 18–19, 31.

[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705 (5th Cir. 2017); *Jackson v. Hancock Whitney Bank*, No. CV 23-7246, 2024 WL 1655148, at *3 (E.D. La. Apr. 17, 2024) (dismissing plaintiffs' ECOA claim because insufficient facts were plead to recover under the ECOA.).

[23] *Jackson v. Hancock Whitney Bank*, No. CV 23-7246, 2024 WL 1655148, at *3 (E.D. La. Apr. 17, 2024)

[24] *Jackson,* 2024 WL 1655148, at *4.

[25] 15 U.S.C. § 1691e(b); 12 C.F.R. § 1002.16 (b)(1).

[26] Exhibit A-1¶ ¶34; Prayer (B).

[27] Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(f); 15 U.S.C. § 1691e(b); 12 C.F.R. § 1002.16 (b)(1).

frequency, egregiousness).[28] Accordingly, the Court should dismiss their punitive damages demand under Rule 12(b)(6) for failure to state a claim and Rule 12(f) (which allows a court to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter) as an additional basis for authority under the Federal Rules of Civil Procedure to do so.[29]

## CONCLUSION

12.The Complaint does not plausibly allege discrimination under ECOA. Prosperity respectfully asks the Court to dismiss the Complaint with prejudice. At a minimum, the Court should limit punitive damages to $10,000 and otherwise dismiss or strike the punitive prayer for insufficiency, as a matter of law.

Respectfully submitted,

**JOHNSTON CLEM GIFFORD PLLC**

By: /s/ *Kenneth C. Johnston*
**Kenneth C. Johnston**
State Bar No. 00792608
kjohnston@johnstonclem.com

**Marlena Gutierrez**
State Bar No. 2410567
mgutierrez@johnstonclem.com

2000 McKinney Ave.
Ste. 2050
Dallas, Texas 75201
(214) 974-8000 Main
(972) 474-1718 K. Johnston Direct

*Counsel for Respondent*

---

[28] Exhibit A-1 ¶¶ 8-22; 33-34.

[29] FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 12(f).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system on this the 15th day of August, 2025.

*/s/ Kenneth C. Johnston*
**Kenneth C. Johnston**